J. MENDEZ, District Judge,
concurring in part and dissenting in part:
I concur with the majority’s conclusion that the government’s Exhibit 1 was testimonial in nature and therefore admitted in error because Bustamante did not have the opportunity to cross-examine the individual who prepared the summary of Bustamante’s purported birth record. I respectfully dissent because I believe that the Government met its burden of showing that the admission of Exhibit 1 was harmless beyond a reasonable doubt, making reversal and remand to the district court unnecessary.
“The prosecution bears the burden of proving [that an admission of evidence in violation of the Confrontation Clause] was harmless beyond a reasonable doubt.” United States v. Tuyet Thi-Bach Nguyen, 565 F.3d 668, 675 (9th Cir.2009) (citing United States v. Gillam, 167 F.3d 1273, 1277 (9th Cir.1999)). “The correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt.” Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). This court examines a variety of factors to determine if an error is harmless, including: “whether the testimony was cumulative, the presence or absence of [evidence] corroborating or contradicting the testimony on material points, the extent of cross-examination, and of course, the overall strength of the prosecution’s case.” Nguyen, 565 F.3d at 675 (quoting United States v. Mayfield, 189 F.3d 895, 906 (9th Cir.1999)).
I believe that a cross-examination of Mr. Salupisa, the person who created the 1975 Filipino birth record, had limited potential to damage the government’s case. The parties disputed the authenticity of the birth certificate at trial, cross-examining two Government witnesses as to the authenticity of the document, and Bustamante’s attorney argued at closing that the document was not credible. Accordingly, the question of the authenticity of the 1975 birth record was already before the jury, making the potential damage from cross-examining Salupisa duplicative of other evidence regarding the 1975 birth record’s authenticity. See United States v. Larson, 495 F.3d 1094, 1108 (9th Cir.2007) (holding that limiting cross examination of a witness is harmless error when a defendant has other opportunities to elicit testimony on similar issue).
Beyond the 1975 birth record, the government presented overwhelming evidence to corroborate its contention that Bustamante was born in 1939 in Bacolod City, the Philippines. Id. (finding that admission of evidence in violation of Confrontation Clause is harmless where the government offers significant corroborating evidence). The majority summarizes the government’s evidence above, but fails to mention that the exhibits used by the government were provided by Bustamante to the Social Security Administration (“SSA”) in support of his application for benefits. The documents provided by Bustamante to the SSA included his marriage contract, his extensive school records, and a birth certificate for his daughter. All of the documents list his birthplace as the Philippines and his nationality as Filipino. Additionally, the immigration forms presented by the government not only indicated that Bustamante *1197 entered the United States from the Philippines, as the majority notes, but the forms, completed by Bustamante, also indicate that he was born in the Philippines.
Bustamante contends that admission of the 1975 birth record was not harmless beyond a reasonable doubt for two reasons. First, Bustamante argues that the 1975 record was central to the government’s case because the government 1) sought a continuance in order to have the record admitted; 2) used it in its opening statement and closing statements; and 3) introduced the record through its first witness. Second, Bustamante argues that without the 1975 birth record, the only birth record in evidence was Bustamante’s California delayed registration of birth.
Bustamante’s first argument is not persuasive because of the sheer weight of evidence showing that he was born in the Philippines. As discussed in detail above, this evidence consisted of statements made by Bustamante himself both when applying for SSA benefits and when he first entered the United States. Even if the 1975 birth record is not considered, the overwhelming evidence in the record indicates that Bustamante was born in the Philippines. There is no other reasonable conclusion to be drawn from the evidence contained in the record.
Bustamante’s reliance on the California delayed registration of birth is not persuasive because the government presented testimony at trial from Reverend Masters, the senior pastor of the Holman United Methodist Church, that the church did not own the building listed on the delayed registration of birth until 1951, 5 years after Bustamante’s purported baptism at that location. Additionally, the government produced evidence from the church’s records that Bustamante was baptized in 1971, not 1946 as listed on the baptismal certificate relied upon for his delayed registration of birth. Bustamante does not point to any evidence in the record that contradicts Reverend Masters’s testimony or calls it into question. Thus, the only reasonable conclusion that a jury could draw based on the evidence is that Bustamante’s California delayed registration of birth was invalid because it was based entirely on a fraudulent baptismal certificate.
For the foregoing reasons, I believe that the error of admitting the 1975 birth record was harmless beyond a reasonable doubt. The potential damage of cross examining Mr. Salupisa was minimal because the issue of the record’s authenticity was already before the jury. The evidence of Bustamante’s birth in the Philippines is overwhelming, and any contradictory evidence was shown to be fraudulent by the government. Finally, the overall strength of the prosecution’s case was very high because of the uncontradicted evidence of Bustamante’s birth in the Philippines. Since the evidence in the record shows that admission of the 1975 birth record was harmless beyond a reasonable doubt, I respectfully dissent from the majority’s holding on this issue.